UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 06-82** |
| **MARTIN DUPLAN** | **SECTION: "K"(2)** |

## ORDER AND REASONS

Before the Court is a Motion for New Trial and/or Post Judgment Acquittal (Rec.Doc.No. 57). After reviewing the pleadings, memoranda, relevant law, and reviewing the trial record, the Court finds that Defendant's motion is without merit is hereby denied for the reasons assigned below.

## I. BACKGROUND

Defendant Martin Duplan was indicted on two criminal counts relating to a drug trafficking crime committed on or about March 14, 2006. In Count I of the Indictment, the Defendant was charged with distribution and possession with the intent to distribute more than 500 grams of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in

violation of Title 21, United States Cod, Section 841(a)(1) and 841(b)(1)(B). *See* Indictment (Rec.Doc.No. 5). Count II of the Indictment charged Defendant with possession of two firearms in furtherance of the drug trafficking crime alleged in Count I in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Defendant pleaded guilty to Count I, but pleaded not guilty to Count II. After a trial by jury held before the Court on October 2, 2006, Defendant was found guilty of possession of two firearms in furtherance of a drug crime. Defendant now moves for a new trial and/or post judgment acquittal.

## II. LEGAL STANDARD AND ANALYSIS

In a motion for new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." FED. R. CRIM. P. 33. The Fifth Circuit set forth the standard for a motion for new trial as follows:

> These "interests of justice" may be based on the trial judge's evaluation of witnesses and weighing of the evidence. *See Tibbs v. Florida*, 457 U.S. 31, 37-38. Although grant or denial of the motion is entrusted to the sound discretion of the judge, motions for new trial are not favored, and are granted only with great caution. *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977. "The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996).

*U.S. v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997).

The Court finds that the facts of this case do not warrant the granting of the instant motion for new trial. Defendant was charged in Count II of the Indictment with possession of

two firearms in furtherance of the drug trafficking crime alleged in Count I in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). *See* Indictment (Rec.Doc.No. 5).

The elements of this crime are that the Defendant 1) committed the underlying drug offense; and 2) knowingly possessed a firearm in furtherance of a drug trafficking crime. Defendant pled guilty to the underlying drug charge on September 27, 2006. *See* Notice of Hearing (Rec.Doc.No. 42). As for the second element, factors that the jury considered in determining whether the gun was possessed in furtherance of the drug trafficking crime are the type of drug activity being conducted, accessibility of the firearm, the type of weapon, whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the drug is found. *See United States v. Ceballos-Torres*, 218 F.3d 409, 414-415 (5th Cir. 2000).

The government offered evidence that showed the guns were located in proximity to the drugs and one of the guns was loaded and accessible during the drug transaction. In fact, the government showed that one of the guns had a bullet chambered and was harnessed next to the center console of Defendant's truck, which was where some the drugs were located. It is clear that the jury reasonably found such evidence convincing, and a guilty verdict was justifiable. Thus, the Court finds a new trial is not warranted in this case.

As for the motion for post-judgment of acquittal, the Fifth Circuit articulated and distinguished the standards for a motion for new trial and a motion for post-judgment of acquittal in *U.S. v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997).

As for the distinction, the Fifth Circuit set forth as follows:

> According to the Federal Rules of Criminal Procedure, a court on a motion of a defendant may grant a new trial if required in the interest of justice. Fed. R. Crim. P. 33. The trial judge may weigh the evidence and may assess the credibility of the witnesses during its

> consideration of the motion for new trial. *Tibbs v. Florida*, 456 U.S. 31, 37-38 (1982). No such discretion is allowed with the court decides a motion for a judgment of acquittal. Indeed, the court must view the evidence in a light most favorable to the verdict. In effect, the court assumes the truth of the evidence offered by the prosecution. Consequently, a review of a motion for new trial lis reviewed under a more lenient standard than a motion for judgment of acquittal.

*Robertson*, 110 F.3d at 1117. Given that the Court finds a new trial is not warranted and the motion for a judgment of acquittal is a higher burden for the defendant, the Court need not address the motion for a judgment of acquittal. Accordingly,

**IT IS ORDERED** that the motion for new trial and/or post-judgment acquittal (Rec.Doc.No. 57) is **DENIED**.

New Orleans, Louisiana, on this  26th  day of January, 2007.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**